UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EUGENE WATERS, | ) |
| Petitioner, | ) |
| v. | ) CV419-089 |
| NATHAN BROOKS, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner has filed a 28 U.S.C. § 2254 petition seeking review of an 2011 conviction for robbery by intimidation. Doc. 1 at 1. For the following reasons, his petition should be **DISMISSED** as untimely.

Petitioner was convicted by jury trial in May of 2011. Doc. 8-1 at 1. His conviction and sentence were affirmed on direct appeal on March 23, 2016. *See Waters v. State*, No. A15A1669 (Ga. App. Mar. 23, 2016) (unpublished). His sentence became final on April 4, 2016. Doc. 8-1 at 4. He then filed a habeas corpus petition in Jenkins County on December 9, 2016, 249 days after the date his conviction became final. Doc. 8-1 at 6. A certificate for probable cause to appeal in the Georgia Supreme Court was denied on August 2, 2018, doc. 9-4, and the Georgia Supreme Court issued a remittitur on August 24, 2018, doc. 9-5. Petitioner then

waited until April 17, 2019 to file the instant petition. Doc. 1. In total, 485 days elapsed between when his sentence became final and the filing of his federal petition. Doc. 8-1 at 5.

Waters had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there

---

[1] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1. Waters' petition shows just this danger of creating gaps. Although a year did not elapse between the conclusion of his state habeas petition and this petition, there remains a significant gap between the time when his sentence was final and when he filed his state petition. The combination of those two gaps far exceeds the one-year time limit to file in this Court.

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Waters, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. There is no indication in his petition that he diligently pursued his rights or that any "extraordinary circumstance" prevented him from timely filing a petition in this Court.

3

*See Holland*, 560 U.S. at 649; *Aureoles*, 609 Fed. App'x at 624.

Accordingly, Waters' § 2254 petition is untimely and should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

4

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>29th</u> day of August, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA